UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Maynor Antonio Ramirez Valverde,<br><br>Petitioner,<br><br>v.<br><br>Sam OLSON, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; Scott SMITH, Jail Administrator of Dodge County Jail,<br><br>Respondents. | Case No.<br><br>**PETITIONERS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

Petitioner moves for a temporary restraining order under the All Writs Act, 28 U.S.C. §1651, enjoining the Respondents from relocating Petitioners outside of the Eastern District of Wisconsin pending final resolution of this case. Petitioners further move for the issuance of an order to show cause as to why a preliminary injunction should not issue.

This application is supported by the Verified Petition for a Writ of Habeas Corpus, the Declaration of Laura Graham, accompanying exhibits, as well as any additional submissions that may be considered by the Court.

As noted in the Verified Petition, Respondents are engaged in actions whose stated aim is to deny petitioners their due process rights, including unlawfully mandating the petitioners' continued detention in violation of the of the Immigration and Naturalization Act ("INA"). Because federal courts have overwhelmingly found that the Respondents' actions violate both the INA and the due process clause of the U.S. Constitution, Respondents have increased the movement of detainees who are the subject of immigration proceedings between the various geographic boundaries of the United Stated District Courts. Graham Declaration ¶6. For that reason, Petitioner was unable to contact Respondents regarding the TRO prior to its filing. If contact were made, Petitioner believes there is a substantial chance that he would have been moved outside the District in an attempt to evade judicial review by eliminating this Court's jurisdiction.

In order to ensure that Petitioner receives his day in Court respecting this important constitutional issues and to aid the efficient administration of justice (by avoiding the refiling of petitions in various districts around the Nation as the Petitioner is moved by Respondents from District to District), Petitioner asks the Court to issue the practical remedy of a temporary restraining order preventing the respondents from moving petitioner out of the

2

QB\98751826.1

Case 2:25-cv-01502-BBC   Filed 09/29/25   Page 2 of 6   Document 2

Eastern District of Wisconsin. Such an order will also preserve this Court's jurisdiction to adjudicate the petition and award effective relief, as it ensures that Petitioner's immediate custodian is not changed to a person outside this District.

Such relief may be granted in circumstances like this under the All Writs Act, 28 U.S.C. §1651. Indeed, earlier this year, in *E-C-R v. Noem, No. 3:25-cv-1230-SI,* 2025 WL 2300543 (D. Or. July 16, 2025), the United States District Court for the District Oregon invoked the All Writs Act to preclude respondents from arresting, placing in immigration detention or deporting Petitioner at least until the parties had litigated the matter pending before that Court. The Court in *E-C-R.* noted that "Courts around the Country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo. *Id.* at *2, n. 1 (citing *J.A.V. v. Trump*, 2025 WL 1226023 at *2 (S.D.Tex. April 24, 2025); *Du v. U.S. Dep't of Homeland Sec.*, 2025 WL 1317944, at *1-2 (D.Conn. April 24, 2025); *Doe v. Bondi*, 2025 1870979 at *1-2 (S.D.Cal. June 11, 2025) and *Batooie v. Ceja,* 2025 WL 1836695, at *2 (D. Colo. July 3, 2025)).With this Petition for Temporary Restraining Order, Petitioner merely seeks to retain the status quo.

To the extent that tradtional TRO or preliminary injunction standards apply to request for relief under the All Writs Act, they are satisfied here. Movants for a TRO must demonstrate that (1) they are likely to succeed on the merits of their claims; (2) they are likely suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in their favor; and (4) that the TRO is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S.7, 22 (2008). A sliding scale test may be applied. The more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor, and

vice versa. *Mays v. Dart* 974 F.3d 810, 818 (7th Cir. 2020). However, the petitioner must demonstrate that "its claim has some likelihood of success on the merits." *Id.* at 822.

Here, Petitioner easily meets the above standards. As shown in greater detail in the Petition, Petitioner's position has been almost universally adopted by all federal courts who have reviewed the issue. See Habeas Petition ¶¶35-40. Indeed, it is undisputed that the Respondents themselves arrested the petitioner under 8 U.S.C. §1226, the same statute they are not trying to pretend doesn't exist. Graham Declaration ¶4, Ex. 2.

In addition to being fundamentally at odds with the most basic tenets of the U.S. Constitution, indefinite incarceration without access to due process protections constitutes irreparable harm. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020) (*Moreno II*), aff'd in part, vacated in part on other grounds, remanded sub nom. *Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). It "is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation modified); *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005). *See also Hernandez v. Sessions*, 872 F.3d 976, 994– 95 (9th Cir. 2017) ("Thus, it follows inexorably from our conclusion that the government's current policies [which fail to consider financial ability to pay immigration bonds] are likely unconstitutional—and thus that members of the plaintiff class will likely be deprived of their physical liberty unconstitutionally in the absence of the injunction—that Plaintiffs have also carried their burden as to irreparable harm."). Conversely, there is no
4

harm to the Respondents if the TRO is granted. All the TRO does is retain the status quo, keeping the Petitioner in the very facility where respondents have placed him.

Lastly, the balance of equities tips in Petitioners' favor and a TRO is in the public interest. Because the government is a party, these two factors are considered together. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Petitioners have established that the public interest factor weighs in their favor because their claims assert that the new policy has violated federal laws. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013). Because the policy preventing Petitioners from obtaining bond "is inconsistent with federal law, . . . the balance of hardships and public interest factors weigh in favor of a preliminary injunction." *Moreno Galvez v. Cuccinelli*, 387 F. Supp. 3d 1208, 1218 (W.D. Wash. 2019) (*Moreno I*); *see also Moreno Galvez*, 52 F.4th 821, 832 (9th Cir. 2022) (affirming in part permanent injunction issued in *Moreno II* and quoting approvingly district judge's declaration that "it is clear that neither equity nor the public's interest are furthered by allowing violations of federal law to continue"). This is because "it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (second alteration in original) (citation omitted). Indeed, Respondents "cannot suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013).

For all these reasons, Petitioner respectfully requests that the Court issue a Temporary Restraining Order prohibiting Respondents from relocating Petitioners outside of the Eastern District of Wisconsin, pending final resolution of this matter, and an Order requiring

Respondents to Show Cause as to why a Preliminary Injunction with those same terms should not be issued.

We respectfully ask that the Court grant this reasonable and warranted relief.

Dated: September 29, 2025    QUARLES & BRADY LLP

_____
Emily M. Feinstein
Emily.Feinstein@quarles.com
33 E. Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

Kevin Long
Kevin.Long@quarles.com
411 E. Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
(414) 277-5000