# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MAYNOR ANTONIO RAMIREZ VALVERDE,**

          **Petitioner,**

      v.                            Case No. 25-CV-1502

**SAM OLSON, et al.,**

          **Respondents.**

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Maynor Antonio Ramirez Valverde was arrested by Immigration and Customs Enforcement agents on September 5, 2025. (ECF No. 1, ¶ 44.) He filed a petition for a writ of habeas corpus seeking either his release or a bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days. (ECF No. 1 at 13.) Accompanying his petition was a motion for a temporary restraining order. (ECF No. 2.) He asks the court to issue a temporary restraining order prohibiting the respondents from relocating him outside this district until his petition is resolved. (ECF No. 2 at 5.)

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Petitioner's counsel states: "Notice to DHS is not required because Petitioner is in ICE's custody and ICE can transfer Petitioner at any time without notice to counsel. Notifying ICE of this petition may result in DHS quickly transferring Petitioner with the intention to deprive this court of jurisdiction over this matter." (ECF No. 3, ¶ 3.)

However, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441, 124 S. Ct. 2711, 2721, 159 L.Ed.2d 513, 531 (2004); *see also Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022) (holding that the Court of Appeals for the Seventh Circuit retained jurisdiction to adjudicate petition for writ of habeas corpus despite petitioner's transfer to Texas); *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021) (holding that district court in Indiana retained jurisdiction to adjudicate habeas petition despite petitioner's transfer to Florida (citing *Ex parte Endo*, 323 U.S. 283 (1944); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990)). Jurisdiction for purposes of habeas is determined at the time the petition is filed. *Tamay v. Scott*, No. 2:25-cv-00438-JAW, 2025 U.S. Dist. LEXIS 169877, at *4 (D. Me. Sep. 2, 2025) (quoting *Mahmoud Khalil v. Joyce*, No. 25-cv-01963 (MEF)(MAH), 777 F. Supp. 3d 369, 2025 U.S. Dist. LEXIS 63573, at *7 (D.N.J. April 1, 2025); citing *Rumsfeld*, 542 U.S. at 435; *United States v. Hayman*,

342 U.S. 205, 213 (1952); *Ahrens v. Clark*, 335 U.S. 188, 190 (1948)). Because the petitioner was in this district when he filed the present petition, the court will retain jurisdiction to adjudicate his petition even if he is transported to another district. *Hall*, 988 F.3d at 378. Consequently, the petitioner has failed to demonstrate that a temporary restraining order is necessary to prevent the court from losing jurisdiction over the petitioner.

In other cases on which the petitioner relies, the irreparable harm feared was that a petitioner would be deported before the court could consider a legal challenge to his removal. *See E-C-R- v. Noem*, No. 3:25-cv-1230-SI, 2025 U.S. Dist. LEXIS 135470, at *3 n.1 (D. Or. July 16, 2025) (citing cases). The petitioner here challenges only his detention pending removal. Therefore, the petitioner's motion for a temporary restraining order will be denied.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, which apply to petitions under 28 U.S.C. § 2241, *see* Rule 1(b), Rules Governing Section 2254 cases, the court must screen the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases.

Having reviewed the petition, the court cannot say that it is subject to summary dismissal. Accordingly,

**IT IS THEREFORE ORDERED** that the motion for a temporary restraining order (ECF No. 2) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk shall promptly serve the respondents with the petition and this order. *See* Rule 4, Rules Governing Section 2254 Cases. The respondents shall answer the petition within **14 days** of this order. The petitioner shall file any brief in support within **7 days** thereafter. The respondent shall submit a brief in response within **7 days** thereafter. Any reply shall be filed within **3 days** thereafter.

Dated at Green Bay, Wisconsin this 30th day of September, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
