UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAYNOR ANTONIO RAMIREZ VALVERDE,
        Petitioner,

v.                                Case No. 25-CV-1502

SAM OLSON, et al.,
        Respondents.

## DECISION AND ORDER

Maynor Antonio Ramirez Valverde, a citizen of Nicaragua, entered the United States without inspection on November 7, 2022. (ECF No. 3-1 at 1.) He was arrested by Immigration and Customs Enforcement (ICE) agents on September 5, 2025, when officials encountered him during an arrest of one of his roommates. (ECF No. 1, ¶ 44.) He is detained at the Dodge County Jail and filed a petition for a writ of habeas corpus seeking either his release or a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 at 13.) The court reviewed the petition and in accordance with Rule 4 of the Rules Governing Section 2254 Cases (which apply to petitions under 28 U.S.C. § 2241, *see* Rule 1(b), Rules Governing Section 2254 Cases, and supersede the deadline in 28 U.S.C. § 2243, *Brooks v. Pollard*, No. 13-C-0199, 2013 U.S. Dist. LEXIS 91269, at *6 (E.D. Wis. June 27, 2013)) set a schedule for the respondent to answer the petition and for further briefing. (ECF No. 7); *Valverde v. Olson*, No. 25-CV-1502, 2025 U.S. Dist. LEXIS 192855, at *3 (E.D. Wis. Sep. 30, 2025). The court also denied the

petitioner's motion for a temporary restraining order, noting that the petitioner sought only that the court bar the respondents from transferring him out of the district lest the court lose jurisdiction over him during the pendency of this action. The court noted that such a transfer would not negate jurisdiction and thus there was no need for a temporary restraining order. *Valverde*, 2025 U.S. Dist. LEXIS 192855, at *2-3.

Following the petitioner's brief in support, the parties have elected to forego additional briefing. They have agreed that the court may decide this matter based on the petition, the respondent's answer (which substantively was more of a brief in opposition rather than an answer), and the petitioner's brief in support. (ECF No. 20.)

The court has jurisdiction to consider the petition because the petitioner is not asking the court to review a removal order, the decision to *initially* detain him or seek his removal, or any part of the process by which his eligibility for removal will be determined. *See Jennings v. Rodrigeuz*, 583 U.S. 281, 294 (2018). Title 8, United States Code, Sections 1252(a)(2)(B)(ii), (b)(9), and (g), do not deprive a federal district court of jurisdiction to consider challenges to a person's detention pending removal. *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 U.S. Dist. LEXIS 205993, at *5-*8 (N.D. Ill. Oct. 20, 2025).

Under 8 U.S.C. § 1226, an alien detained pending removal is ordinarily entitled to a bond hearing. *See* 8 C.F.R. § 1236.1(c). This is the "default rule" for noncitizens who are already present in the United States. *Ochoa v. Noem*, No. 25 CV

10865, 2025 U.S. Dist. LEXIS 204142, at *9 (N.D. Ill. Oct. 16, 2025) (quoting *Jennings*, 583 U.S. at 303).

An applicant for admission, on the other hand, generally must be detained. 8 U.S.C. § 1225(b)(2). Specifically, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2).

The Department of Homeland Security had long applied 8 U.S.C. § 1226 to aliens who were found living in the United States but who had entered without inspection, and thus it afforded such persons bond hearings. *In re Hurtado*, 29 I. & N. Dec. 216, 225. On September 5, 2025, the Board of Immigration Appeals held that "Immigration Judges lack authority [under 8 U.S.C. § 1225(b)(2)(A)] to hear bond requests or to grant bond to aliens … who are present in the United States without admission." *Hurtado*, 29 I. & N. Dec. at 225.

*Hurtado* is not binding on this court. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400 (2024). However, in light of the Board's holding that immigration judges lack jurisdiction to consider bond for aliens like the petitioner, it would be futile for the petitioner to attempt to exhaust his administrative remedies regarding the claims he presents in his petition. *H.G.V.U.*, 2025 U.S. Dist. LEXIS 205993, at *9-*10.

Following *Hurtado*, dozens of detained aliens have filed habeas petitions in federal courts around the country seeking bond hearings under 8 U.S.C. § 1226.

3
Case 2:25-cv-01502-BBC   Filed 10/29/25   Page 3 of 8   Document 21

Courts have nearly universally rejected the conclusion of the Board in *Hurtado* and ordered that the respondents either release the petitioners or grant them a prompt bond hearing. *See, e.g.*, *H.G.V.U.*, 2025 U.S. Dist. LEXIS 205993, at *17; *Ochoa*, 2025 U.S. Dist. LEXIS 204142, at *18; *see also Sandoval v. Raycraft*, No. 2:25-cv-12987, 2025 U.S. Dist. LEXIS 205418 (E.D. Mich. Oct. 17, 2025); *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 U.S. Dist. LEXIS 203222 (S.D. Fla. Oct. 15, 2025); *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 U.S. Dist. LEXIS 201543, at *23 (S.D. Ind. Oct. 11, 2025) (granting preliminary injunction and ordering petitioner's immediate release); *Eliseo A.A. v. Olson*, No. 25-3381 (JWB/DJF), 2025 U.S. Dist. LEXIS 201993 (D. Minn. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 U.S. Dist. LEXIS 201967 (S.D. Tex. Oct. 7, 2025); *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 U.S. Dist. LEXIS 197628 (E.D.N.Y. Oct. 6, 2025); *Elias Escobar v. Hyde*, Civil Action No. 1:25-cv-12620-IT, 2025 U.S. Dist. LEXIS 196284 (D. Mass. Oct. 3, 2025); *Silva v. Larose*, No. 25-cv-2329-JES-KSC, 2025 U.S. Dist. LEXIS 191833 (S.D. Cal. Sep. 29, 2025); *Zumba v. Bondi*, No. 25-cv-14626 (KSH), 2025 U.S. Dist. LEXIS 190052, at *33 (D.N.J. Sep. 26, 2025). It does not appear that any court of appeals has yet addressed the question.

One line that courts have drawn is that § 1226 is for noncitizens who have been residing in or have otherwise established themselves in the United States. *See Jennings*, 583 U.S. 281, 303 ("As noted, §1226 applies to aliens already present in the United States."). On the other hand, § 1225 is for persons stopped the border or soon

4
Case 2:25-cv-01502-BBC    Filed 10/29/25    Page 4 of 8    Document 21

upon their entry into the United States. *See Ochoa*, 2025 U.S. Dist. LEXIS 204142, at *10 (citing cases).

That distinction, however, is perhaps somewhat simplistic in that it could be seen as being inconsistent with the definition of "applicants for admission" contained in § 1225: "An alien present in the United States who has not been admitted … shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). "Admitted" means "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). Thus, an alien who is present in the United States cannot be deemed "admitted" if he did not enter after inspection and authorization by an immigration officer. Section 1225(a)(1) has no temporal element; there is nothing to suggest that an alien can be regarded as admitted based on the passage of time from his entry into the United States.

Thus, a noncitizen who is present in the United States but who entered without inspection and authorization by an immigration officer is "an applicant for admission" under Chapter 12 of Title 8. But even if the petitioner could be characterized as "an applicant for admission" under 8 U.S.C. § 1225(a)(1), that does not mean such a person is subject to automatic detention under 8 U.S.C. § 1225(b)(2)(A).

The subsection of § 1225 addressing detention, 8 U.S.C. § 1225(b)(2)(A), introduces a different phrase: "an alien seeking admission." The subsection reads:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a

doubt entitled to be admitted, the alien shall be detained for a
proceeding under section 1229a of this title.

*Id*. Only "an alien seeking admission" who "is not clearly and beyond a doubt entitled to be admitted" must be detained.

One reading is that "an alien seeking admission" is just another way of saying "applicant for admission." After all, Congress may use synonyms in statutes. *Tyler v. Cain*, 533 U.S. 656, 664 (2001). But such a reading is inconsistent with the basic canon of statutory interpretation that when Congress uses different words in a statute it intends different meanings. *See, e.g.*, Statutory Interpretation in the Federal Courts § 3.05[2][c]. To overcome the canon, especially when Congress took care to define "an applicant for admission," there must be strong evidence that Congress intended "an alien seeking admission" to be understood synonymously with "applicant for admission." But the court has no such evidence. Having defined "applicant for admission," the court must conclude that by later using "an alien seeking admission," Congress intended the terms to have different meanings. Thus, the court must turn to the question of what "an alien seeking admission" means.

"Admission" has the same statutory definition as "admitted": "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). The use of "seeking" denotes an active and present effort. Thus, "an alien seeking admission" is a noncitizen who, at the time of his arrest, is actively and presently pursuing inspection and authorization by an immigration officer to lawfully enter the United Stated. This definition calls to mind the noncitizen

stopped at or near the border before or soon after his entry into the United States. It cannot be said to encompass a person who, despite having never been "admitted," has been living in the United States for years.

The only authority that the respondents point to (ECF No. 14 at 10) is distinguishable or otherwise unpersuasive. In a decision predating *Hurtado*, the court in *Pena v. Hyde*, Civil Action No. 25-11983-NMG, 2025 U.S. Dist. LEXIS 144234 (D. Mass. July 28, 2025), held that a I-130 petitioner is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and his detention did not violate due process. *Pena*, 2025 U.S. Dist. LEXIS 144234, at *5. The court did not address the relationship between 8 U.S.C. § 1225(b)(2)(A) and 8 U.S.C. § 1226.

In *Chavez v. Noem*, No. 3:25-cv-02325-CAB-SBC, 2025 U.S. Dist. LEXIS 192940 (S.D. Cal. Sep. 24, 2025), the court denied the petitioner's *ex parte* application for a temporary restraining order. In doing so, the court accepted that, because the petitioner had never been admitted, he was an applicant for admission and thus subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The court's denial of relief, however, may be partially a product of the movant's high burden for an *ex parte* temporary restraining order. And in any event, the court finds the decision unpersuasive.

Only in *Lopez v. Trump*, No. 8:25CV526, 2025 U.S. Dist. LEXIS 192557 (D. Neb. Sep. 30, 2025), did the court reach the same conclusion as the Board in *Hurtado* and deny a petition for a writ of habeas corpus. The court finds the decision

7
Case 2:25-cv-01502-BBC    Filed 10/29/25    Page 7 of 8    Document 21

unpersuasive in part because it does not substantively address the significance of Congress's use of "an alien seeking admission" in 8 U.S.C. § 1225(b)(2)(A).

The petitioner has been living in the United States since 2022. At the time of his arrest, he was not "an alien seeking admission" under 8 U.S.C. § 1225(b)(2)(A) and therefore is not subject to its mandatory detention provision. Nor is he otherwise statutorily ineligible for bond. *See* 8 U.S.C. § 1226(c)(1). Rather, he is subject to 8 U.S.C. § 1226, and due process requires that he be afforded a bond hearing. *See Ochoa*, 2025 U.S. Dist. LEXIS 204142, at *15 (discussing, in part, *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) and *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).

Accordingly, the court will grant the petition for a writ of habeas corpus and order the respondent to, within five business days, either release the petitioner or afford him a bond hearing in accordance with 8 U.S.C. § 1226, and 8 C.F.R. § 1236.1.

**IT IS THEREFORE ORDERED** that Maynor Antonio Ramirez Valverde's petition for a writ of habeas corpus is granted. Within five business days of this order the respondents must either: (1) provide Ramirez Valverde with a bond hearing before an Immigration Judge, at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Ramirez Valverde's continued detention; or (2) release Ramirez Valverde from custody under reasonable conditions of supervision. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 29th day of October, 2025.

                                                         s/ Byron B. Conway
                                                         BYRON B. CONWAY
                                                         U.S. District Judge